| | |
|---|---|
| JAMES A WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD E WARNER, et al.,<br><br>Defendants. | CASE NO. 3:17-CV-05615-BHS-DWC<br><br>ORDER TO SHOW CAUSE OR AMEND |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

Plaintiff James A. Williams, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by October 27, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at Stafford Creek Corrections Center ("SCCC"), states he is primarily filing this lawsuit because he has been denied his First Amendment right to access the courts for the last six years. *See* Dkt. 6, p. 4. He also states 78 "grounds" for relief,-- which are difficult to read-- challenging incidents that occurred at Washington State Penitentiary

ORDER TO SHOW CAUSE OR AMEND - 1

("WSP"), SCCC, and the Special Offender Unit ("SOU") of an unidentified corrections facility. *See* Dkt. 6.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: [ ] is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Further, unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed.R.Civ.P. 18(a): 'A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)); *see also* Fed.R.Civ.P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Here, Plaintiff filed a 67 page Complaint. Dkt. 6. The Complaint is difficult to read and portions are nearly illegible. He names numerous Defendants, who are employed at three different facilities. *See id.* Plaintiff states his legal claim is primarily that he has been denied access to the courts for the last six years, but he provides a myriad of facts about the conditions of his confinement at SCCC, WSP, and SOU. Plaintiff appears to be alleging several constitutional violations, all which arise from different incidents and correctional facilities. Because "the Court cannot glean what claims for relief might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, *1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

The amended complaint must contain a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, not as a supplement. The Court will screen the amended complaint to

determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

In the amended complaint, Plaintiff should allege only the constitutional violations arising from a single transaction or occurrence. For example, if Plaintiff is alleging his right to access the courts was violated while he was housed at WSP, he should allege this claim in one complaint. Plaintiff shall file additional lawsuits, if he so chooses, regarding each of the remaining transactions or occurrences that resulted in constitutional violations. For example, allegations of deliberate indifference to a serious medical need arising from an event at WSP, allegations of deliberate indifference to a serious medical need arising from an event at SCCC, allegations of conditions of confinement arising from an event at SOU, and allegations of denial of access to courts at SCCC should each be filed in separate lawsuits.

The amended complaint shall not exceed twenty (20) pages absent leave of Court and upon a showing of good cause.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before October 27, 2017, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 27th day of September, 2017.

David W. Christel
United States Magistrate Judge