UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. WILLIAMS,

          Plaintiff,

v.

BERNARD E. WARNER,

          Defendant.

CASE NO. 3:17-cv-05615-BHS-DWC

ORDER DENYING MOTION FOR EXTENSION OF TIME

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff James A. Williams, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in August of 2017. Dkt. 1. Before the Court is Plaintiff's Motion for Extension of Time, containing a request for an extension of time as well as various requests for injunctive relief and a request for appointed counsel. Dkt. 21. Plaintiff's separate Motion for Preliminary Injunction is also before the Court. Dkt. 22.

**BACKGROUND**

After reviewing Plaintiff's original Complaint, the Court ordered Plaintiff to show cause or file an Amended Complaint on or before October 27, 2017. Dkt. 8. Plaintiff twice requested

1 | the Court provide him additional time to file the Amended Complaint, which the Court granted.
2 | Dkts. 10, 11, 13, 15. When Plaintiff failed to either show cause or file an Amended Complaint,
3 | the Court again ordered him to show cause or amend his Complaint by May 11, 2018. Dkt. 18.
4 | Plaintiff failed to do so. However, he filed a letter with the Clerk asking for additional time,
5 | stating he had lost most of his legal materials, including cause numbers, and requesting new
6 | copies and blank civil rights complaints to file amended complaint. Dkt. 13.

The Court granted Plaintiff until June 22, 2018, to file his Amended Complaint. Dkt. 20. The Court explicitly warned Plaintiff, "[b]ecause this is Plaintiff's third extension of time to file the Amended Complaint and because Plaintiff failed to adhere to the last extension the Court granted, the Court will look extremely disfavorably on any further delay." Dkt. 20, p. 2. Despite this admonishment, Plaintiff has now filed a new Motion for Extension of Time. Dkt. 21. In that Motion, he has also included various requests for injunctive relief and a request for an attorney. *Id*. Plaintiff subsequently filed a separate Motion for Preliminary Injunction. Dkt. 22.

**DISCUSSION**

**I.  Motion for Extension**

The Court has warned Plaintiff it would not look favorably on any further delay in filing his Amended Complaint. Here, instead of filing a Complaint as the Court instructed, Plaintiff has filed 143 pages requesting additional time to file the Complaint, amongst various other requests. Dkt. 21. Plaintiff has been given multiple extension to file an Amended Complaint since the first Order to Show Cause was filed on September 26, 2017. *See* Dkt. 8. However, the Court will not entertain further delay in this case.

Plaintiff's Motion for Extension is denied. However, because the Court is denying this Motion the same week as Plaintiff's deadline to file his Amended Complaint, the Court will

provide some additional time to ensure Plaintiff receives notice that his Motion has been denied before the deadline passes. Therefore, plaintiff now has until June 26, 2018 to file his Amended Complaint with the Court, or the Court will recommend that his case be dismissed.

**II.     Request for Appointed Counsel**

Plaintiff has also requested the Court appoint him an attorney. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, the Court initially ordered Plaintiff to file an Amended Complaint because his initial filing was illegible. Dkt. 8. He still has not filed an Amended Complaint. As such, the Court cannot evaluate whether Plaintiff is likely to succeed on the merits because the Court has not yet been able to read his claims. Further, though Plaintiff has failed to file an Amended Complaint, he has advocated for himself by filing several motions for extension. Though the

Court cannot evaluate Plaintiff's claims on their merits, it concludes Plaintiff has the ability to grasp the legal issues involved in his case. The Court determines Plaintiff has not demonstrated the exceptional circumstances requiring an appointment of counsel. Insofar as Plaintiff's Motion for Extension includes a request for appointed counsel, his request is denied.

### III. Requests for Injunctive Relief in Motion for Extension (Dkt. 21) and Separate Motion for Preliminary Injunction (Dkt. 22)

Plaintiff has made several requests for preliminary injunction in his Motion for Extension (Dkt. 21), and has filed a separate Motion for Preliminary Injunction (Dkt. 22). However, because Plaintiff has not yet filed an Amended Complaint and because the Court has not served the Amended Complaint on Defendants, the Court cannot yet make a determination on whether Plaintiff's requests have merit. Therefore, insofar as Plaintiff's Motion for Extension contains requests for injunctive relief, the Clerk is directed to re-note that Motion to June 29, 2018, to allow Plaintiff a final opportunity to file his Amended Complaint and allow the Court to evaluate his requests for injunctive relief. The Clerk is also directed to re-note Plaintiff's Motion for Preliminary Injunction (Dkt. 22) to June 29, 2018.

### CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion for Extension (Dkt. 21).

Plaintiff now has until June 26, 2018, to file his Amended Complaint. If he fails to file an Amended Complaint by that date, the Court will recommend his action be dismissed.

Insofar as Plaintiff requests injunctive relief in his Motion for Extension (Dkt. 21), the Clerk is directed to re-note that Motion for June 29, 2018. The Clerk is also directed to re-note

1 the Motion for Preliminary Injunction (Dkt. 22) for June 29, 2018, so the Court can make a

2 recommendation on all his injunctive requests at the same time.

3

4     Dated this 19th day of June, 2018.

*David W. Christel*
United States Magistrate Judge